Billy KNOWLES, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 92–789C.

United States Court of Federal Claims.

Oct. 13, 1993.

Martin A. Kilpatrick, Greenville, MS, for plaintiffs.

Lisa B. Donis, with whom were Acting Asst. Atty. Gen. Stuart E. Schiffer, David M. Cohen, and Sharon Y. Eubanks, Washington, DC, for defendant.

OPINION

BRUGGINK, Judge.

This is an action brought under certain provisions of the Federal Employees Pay Act ("FEPA") granting entitlement to overtime pay. 5 U.S.C. §§ 5542(b)(2)(B), 5544(a), and 6101(b)(2) (1988). The specific question raised is whether plaintiffs engaged in the performance of work during time they spent driving their coworkers and themselves to and from their place of employment during temporary duty assignments. Both parties have filed motions for summary judgment. After consideration of the materials submitted and after oral argument, the court concludes that, although the parties disagree on certain facts, those disagreements do not preclude plaintiffs' entitlement to judgment as a matter of law.

FACTUAL BACKGROUND

Plaintiffs were employed by the Army Corps of Engineers, Vicksburg District, Mississippi, from 1984 through 1990. They were either prevailing rate supervisors or General Schedule employees, and were exempt from the overtime coverage of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1988).

At all relevant times, plaintiffs were supervisors of work crews engaged in revetment, a process that involves stabilization of the banks of the Mississippi River at critical points in the Vicksburg District. The revetment season lasts from 75 to 150 days, typically from July to October. Normal duty hours consist of eight hours of regular time plus two hours of overtime. This does not include one way travel time of typically one-half hour to one hour. Because revetment work often occurs at remote sites away from their normal work place, employees are given a per diem subsistence allowance and permitted to select a motel for the night.

Prior to the Corps policy of which plaintiffs complain, the Corps had assigned non-supervisory personnel to drive employees to and from work sites during revetment seasons. They were paid overtime for such

activities pursuant to the FLSA. In order to avoid paying overtime, the Corps conceived a change in operation. The change required plaintiffs, as supervisory employees not covered by the FLSA, to drive themselves and other employees to remote sites during revetment season.

The Corps furnished plaintiffs with government vans and required them to drive themselves and other employees from their lodging to the day's worksite and then back in the evenings. Refusal to act as designated driver would have constituted a violation of an order and exposed plaintiffs to disciplinary action. The government paid for gas and repairs, but required plaintiffs to fuel the vans and to make certain that any necessary repairs were performed by others. The Corps did not pay plaintiffs for the driving portion of their work day, hence this action.

## DISCUSSION

Although not entitled to coverage under the FLSA, plaintiffs are admittedly eligible to claim entitlement to overtime pay under section 5544 of the FEPA, assuming that the hours in question qualify as work time. The cross-motions for summary judgment raise the question whether the time spent driving to and from work falls within the exception created by the following language in section 5544:

Time spent in a travel status away from the official duty station of an employee subject to this subsection is not hours of work unless the travel (i) involves the performance of work while traveling, (ii) is incident to travel that involves the performance of work while traveling, (iii) is carried out under arduous conditions, or (iv) results from an event which could not be scheduled or controlled administratively.

5 U.S.C. § 5544(a) (1988).[1]

Beyond those facts set out above, other non-dispositive matters remain in dispute.

The parties disagree on the condition of the vans, the condition of the roads, the minimum amount of travel time required between a suitable motel and the worksite, and the quality of the local cuisine and nightlife. Resolving these issues is unnecessary, however, at least at this stage,[2] as the court finds that the undisputed facts show that exception (i) above applies; plaintiffs were working when they drove.

Defendant's argument is simple: plaintiffs were merely doing what they would otherwise have been doing, namely, traveling to work. Because travel time is noncompensable absent unusual circumstances, plaintiffs did not earn overtime pay. The problem with this analysis is that it assumes away plaintiffs' primary argument, that they were not in fact doing the same thing they otherwise would have been doing.

It is difficult to challenge the logic of plaintiffs' argument that chauffeuring is work. It plainly differs from merely riding as a passenger or even driving oneself. The responsibility for driving comes with numerous attendant obligations, not the least of which is staying awake and steering the van from place to place. The burden of that obligation is commensurately greater when one is responsible for the safety of others. The driver also has to fuel the vehicle and has to make certain it is in good repair. If the driver were sick or chose to take a day off, presumably he would be obligated to ensure that another suitable driver replaced him. No doubt Greyhound bus drivers view their activity as a form of work for these and other reasons. Plaintiffs were tasked to do work previously assigned to other Corps employees, and for which the Corps had previously paid. Leaving the driving to them has obvious advantages, which come at a price.

Defendant's response that plaintiffs were merely driving themselves to work is at odds with the facts. They could no more

---

1. The General Schedule employees' overtime entitlement is set forth at 5 U.S.C. § 5542(b)(2)(B), which contains the same exceptions.

2. Some may be nonjusticiable. The court notes that one's reaction to hot boudin, cold cous cous, or crawfish etouffee is largely a matter of personal taste, as to which there is little accounting.

have appropriated the vans for their exclusive use than could a commercial bus driver. They had a duty to drive others. This distinguishes the present case readily from *Abrahams v. United States*, 1 Cl.Ct. 305 (1982).[3]

Part of the Corps's difficulty from the outset of the policy at issue has been its refusal to recognize the difference between traveling and driving. One can travel any number of ways, which may or may not involve driving oneself, much less others. The Oxford English Dictionary offers the following definitions that seem most apt to the verb usage at bar: "Travel: To make a journey, to go from one place to another; to journey"; "Drive: To carry or convey in a vehicle." Oxford English Dictionary (2d ed. 1989). A venerable edition of Black's Law Dictionary contains the following definitions of the same terms: "Travel: To go from one place to another at a distance; to journey; spoken of voluntary change of place"; "Drive: To control the motive power, as of a vehicle." Black's Law Dictionary (3d ed. 1933). To refer to what plaintiffs did as merely "traveling" within the statutory meaning—that is, in the same sense nondrivers were traveling—does an injustice to the meaning of that word.

Section 5544 is plainly concerned that employees not claim the period involved in routine transportation to and from work as compensable hours. It is equally as plain, however, that plaintiffs' duties exceeded routine transportation to the point that those duties constituted work within the meaning of the statute.

Plaintiffs' motion for partial summary judgment is granted. Defendant's motion is denied. The court directs the parties to file a joint status report on or before November 19, 1993, indicating whether and when they can reach a stipulation as to damages.

---

**3.** The "de minimis" rule cases cited by defendant are also inapposite. The question there is whether the *amount* of time spent is so short as to not require compensation. *See, e.g., Baylor v. United States,* 198 Ct.Cl. 331, 357, 365, 1972 WL 20798 (1972); *Ahearn v. United States,* 142 Ct.Cl. 309, 312, 1958 WL 7388 (1958). The question whether the character of the activity is work is a different one.